# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
IYANNA DAVIS,                                              **DOCKET NO.: 11-CV-0076**

                              Plaintiff,          **ANSWER TO SECOND**
                                                  **AMENDED COMPLAINT**

                -   against –

COUNTY OF NASSAU, NASSAU COUNTY
POLICE OFFICER MICHAEL CAPOBIANCO,
Serial #6971, SGT. HERMANN, POLICE OFFICER
CARL CAMPBELL, POLICE OFFICER DWIGHT
BLANKENSHIP, POLICE OFFICER JOSEPH
GRELLA, POLICE OFFICER JOHN DOES #1-5,
NASSAU COUNTY DISTRICT ATTORNEY'S
OFFICE INVESTIGATOR THOMAS BIDELL,
NASSAU COUNTY DISTRICT ATTORNEY'S
OFFICE INVESTIGATORS JOHN DOES #2-5,
NASSAU COUNTY ASSISTANT DISTRICT
ATTORNEY JOHN DOES #1-5.

                              Defendants.
------------------------------------------------------X

        Defendant, County of Nassau, by its attorney John Ciampoli, Nassau County

Attorney, by Diane C. Petillo, Deputy County Attorney, as and for its Answer to

Plaintiff's Second Amended Complaint, sets forth as follows:

## ANSWERING THE "NATURE OF THE ACTION"

    1.   Denies the allegations set forth in paragraph 1 of the Complaint and

        respectfully refer all questions of law to the Court.

## ANSWERING "JURISDICTION"

    2.   Denies knowledge or information sufficient to form a belief as to the

        allegations contained in paragraph 2 of the Complaint and respectfully refer

        all questions of law to the Court.

## ANSWERING "VENUE"

3.   Denies the allegations set forth in paragraph 3 of the Complaint and respectfully refer all questions of law to the Court.

## ANSWERING "THE PARTIES"

4.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5.   Admits that the County of Nassau is a municipal corporation organized and existing under the laws of the State of New York as alleged in paragraph 5 of the Complaint.

6.   Denies the allegations set forth in paragraph 6 of the Complaint and respectfully refer all questions of law to the Court.

7.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

## ANSWERING THE "FACTUAL ALLEGATIONS"

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint, except avers that on May 13, 2010, members of the Nassau County Police Department were present at 31 Lafayette Avenue, Hempstead, New York.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint, except avers that members of the Nassau County Police Department Bureau of Special Operations were present at 31 Lafayette Avenue, Hempstead, New York on May 13, 2010.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint except avers that members of law enforcement had a warrant for the premises 31 Lafayette Avenue, Hempstead, New York.

52. Denies the allegations contained in paragraph 52 of the Complaint except avers that members of law enforcement had a warrant for the premises 31 Lafayette Avenue, Hempstead, New York.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint and respectfully refer all questions of law to the Court.

56. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 56.

57. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the Complaint.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint.

82. Denies the allegations contained in paragraph 82 of the Complaint.

83. Denies the allegations contained in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint.

85. Denies the allegations contained in paragraph 85 of the Complaint.

86. Denies the allegations contained in paragraph 86 of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 87 of the Complaint and respectfully refer all questions of law to the Court.

88. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 88 of the Complaint and respectfully refer all questions of law to the Court.

89. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 89 of the Complaint and respectfully refer all questions of law to the Court.

90. Denies the allegations contained in paragraph 90 of the Complaint.

91. Denies the allegations contained in paragraph 91 of the Complaint.

92. Denies the allegations contained in paragraph 92 of the Complaint.

93. Denies the allegations contained in paragraph 93 of the Complaint.

94. Denies the allegations contained in paragraph 94 of the Complaint.

95. Denies the allegations contained in paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 96 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 97 of the Complaint.

98. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 98 of the Complaint.

99. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 99 of the Complaint.

100. Denies the allegations contained in paragraph 100 of the Complaint.

101. Denies the allegations contained in paragraph 101 of the Complaint.

102. Denies the allegations contained in paragraph 102 of the Complaint.

103. Denies the allegations contained in paragraph 103 of the Complaint.

104. Denies the allegations contained in paragraph 104 of the Complaint.

105. Denies the allegations contained in paragraph 105 of the Complaint.

106. Denies the allegations contained in paragraph 106 of the Complaint.

107. Denies the allegations contained in paragraph 107 of the Complaint.

108. Denies the allegations contained in paragraph 108 of the Complaint.

109. Denies the allegations contained in paragraph 109 of the Complaint.

110. Denies the allegations contained in paragraph 110 of the Complaint.

111. Denies the allegations contained in paragraph 111 of the Complaint.

112. Denies the allegations contained in paragraph 112 of the Complaint.

113. Denies the allegations contained in paragraph 113 of the Complaint.

114. Denies the allegations contained in paragraph 114 of the Complaint.

115. Denies the allegations contained in paragraph 115 of the Complaint.

116. Denies the allegations contained in paragraph 116 of the Complaint.

117. Denies the allegations contained in paragraph 117 of the Complaint

118. Denies the allegations contained in paragraph 118 of the Complaint.

119. Denies the allegations contained in paragraph 119 of the Complaint.

120. Denies the allegations contained in paragraph 120 of the Complaint.

121. Denies the allegations contained in paragraph 121 of the Complaint.

122. Denies the allegations contained in paragraph 122 of the Complaint.

123. Denies the allegations contained in paragraph 123 of the Complaint.

124. Denies the allegations contained in paragraph 124 of the Complaint.

125. Denies the allegations contained in paragraph 125 of the Complaint.

126. Denies the allegations contained in paragraph 126 of the Complaint.

127. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 127 of the Complaint, except avers that Plaintiff was treated at Nassau University Medical Center on May 13, 2010.

128. Denies the allegations contained in paragraph 128 of the Complaint.

129. Denies the allegations contained in paragraph 129 of the Complaint.

130. Denies the allegations contained in paragraph 130 of the Complaint.

131. Denies the allegations contained in paragraph 131 of the Complaint.

132. Denies the allegations contained in paragraph 132 of the Complaint.

133. Denies the allegations contained in paragraph 133 of the Complaint.

134. Denies the allegations contained in paragraph 134 of the Complaint.

### ANSWERING THE PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR EXCESSIVE FORCE (1983) AGAINST CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4 and DAOI DOE #5

135. Defendant repeats, reiterates and realleges each and every response to paragraphs 1 through 134 above, as if the same were more fully set forth at length herein.

136. Denies the allegations contained in paragraph 136 of the Complaint.

137. Denies the allegations contained in paragraph 137 of the Complaint.

138. Denies the allegations contained in paragraph 138 of the Complaint.

139. Denies the allegations contained in paragraph 139 of the Complaint.

140. Denies the allegations contained in paragraph 140 of the Complaint.

141. Denies the allegations contained in paragraph 141 of the Complaint.

142. Denies the allegations contained in paragraph 142 of the Complaint.

### ANSWERING PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR ASSAULT AGAINST NASSAU COUNTY, CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4 and DAOI DOE #5

143. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

144. Denies the allegations contained in paragraph 144 of the Complaint.

145. Denies the allegations contained in paragraph 145 of the Complaint.

146. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 146 of the Complaint.

147. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 147 of the Complaint.

148. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 148 of the Complaint.

149. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 149 of the Complaint.

150. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 150 of the Complaint.

151. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 151 of the Complaint.

152. Denies the allegations contained in paragraph 152 of the Complaint.

153. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 153 of the Complaint.

154. Denies the allegations contained in paragraph 154 of the Complaint.

155. Denies the allegations contained in paragraph 155 of the Complaint.

156. Denies the allegations contained in paragraph 156 of the Complaint.

157. Denies the allegations contained in paragraph 157 of the Complaint.

158. Denies the allegations contained in paragraph 158 of the Complaint

159. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 159 of the Complaint and respectfully refer all questions of law to the Court.

160. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 160 of the Complaint and respectfully refer all questions of law to the Court.

161. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 161 of the Complaint.

162. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 162 of the Complaint and respectfully refer all questions of law to the Court.

163. Denies the allegations contained in paragraph 163 of the Complaint.

164. Denies the allegations contained in paragraph 164 of the Complaint.

<u>ANSWERING THE PLAINTIFF'S THIRD CLAIM
FOR RELIEF FOR BATTERY AGAINST NASSAU COUNTY,
CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP,
GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4,
P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI
DOE #4 and DAOI DOE #5</u>

165. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

166. Denies the allegations contained in paragraph 166 of the Complaint.

167. Denies the allegations contained in paragraph 167 of the Complaint.

168. Denies the allegations contained in paragraph 168 of the Complaint.

169. Denies the allegations contained in paragraph 169 of the Complaint.

170. Denies the allegations contained in paragraph 170 of the Complaint.

171. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 171 of the Complaint.

172. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 172 of the Complaint.

173. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 173 of the Complaint.

174. Denies the allegations contained in paragraph 174 of the Complaint.

175. Denies the allegations contained in paragraph 175 of the Complaint.

176. Denies the allegations contained in paragraph 176 of the Complaint.

## AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR DEFAMATION AGAINST NASSAU COUNTY, CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4, DAOI DOE #5, ADA DOE #1, ADA DOE #2, ADA DOE #3, ADA DOE #4 and ADA DOE #5

177. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

178. Denies the allegations contained in paragraph 178 of the Complaint.

179. Denies the allegations contained in paragraph 179 of the Complaint.

180. Denies the allegations contained in paragraph 180 of the Complaint.

181. Denies the allegations contained in paragraph 181 of the Complaint.

182. Denies the allegations contained in paragraph 182 of the Complaint.

183. Denies the allegations contained in paragraph 183 of the Complaint.

184. Denies the allegations contained in paragraph 184 of the Complaint.

185. Denies the allegations contained in paragraph 185 of the Complaint.

186. Denies the allegations contained in paragraph 186 of the Complaint.

187. Denies the allegations contained in paragraph 187 of the Complaint.

188. Denies the allegations contained in paragraph 188 of the Complaint.

189. Denies the allegations contained in paragraph 189 of the Complaint.

190. Denies the allegations contained in paragraph 190 of the Complaint.

191. Denies the allegations contained in paragraph 191 of the Complaint.

192. Denies the allegations contained in paragraph 192 of the Complaint.

193. Denies the allegations contained in paragraph 193 of the Complaint.

194. Denies the allegations contained in paragraph 194 of the Complaint.

195. Denies the allegations contained in paragraph 195 of the Complaint.

196. Denies the allegations contained in paragraph 196 of the Complaint.

197. Denies the allegations contained in paragraph 197 of the Complaint.

198. Denies the allegations contained in paragraph 198 of the Complaint.

199. Denies the allegations contained in paragraph 199 of the Complaint.

200. Denies the allegations contained in paragraph 200 of the Complaint.

201. Denies the allegations contained in paragraph 201 of the Complaint.

202. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 202 of the Complaint and respectfully refer all questions of law to the Court.

203. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 203 of the Complaint and respectfully refer all questions of law to the Court.

204. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 204 of the Complaint.

205. Denies the allegations contained in paragraph 205 of the Complaint.

206. Denies the allegations contained in paragraph 206 of the Complaint.

207. Denies the allegations contained in paragraph 207 of the Complaint.

**ANSWERING PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR VIOLATIONS OF DAVIS' FOURTH and FOURTEENTH AMENDMENT RIGHTS AGAINST NASSAU COUNTY, CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4, DAOI DOE #5, ADA DOE #1, ADA DOE #2, ADA DOE #3, ADA DOE #4 AND ADA DOE #5**

208. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

209. Denies the allegations contained in paragraph 209 of the Complaint.

210. Denies the allegations contained in paragraph 210 of the Complaint.

211. Denies the allegations contained in paragraph 211 of the Complaint.

212. Denies the allegations contained in paragraph 212 of the Complaint.

213. Denies the allegations contained in paragraph 213 of the Complaint.

214. Denies the allegations contained in paragraph 214 of the Complaint.

215. Denies the allegations contained in paragraph 215 of the Complaint.

216. Denies the allegations contained in paragraph 216 of the Complaint.

217. Denies the allegations contained in paragraph 217 of the Complaint.

## ANSWERING PLAINTIFF'S SIXTH CLAIM FOR RELIEF FOR FALSE ARREST/FALSE IMPRISONMENT (1983) AGAINST CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4 and DAOI DOE #5

218. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

219. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 219 of the Complaint and respectfully refer all questions of law to the Court.

220. Denies the allegations contained in paragraph 220 of the Complaint.

221. Denies the allegations contained in paragraph 221 of the Complaint.

222. Denies the allegations contained in paragraph 222 of the Complaint.

223. Denies the allegations contained in paragraph 223 of the Complaint.

## ANSWERING PLAINTIFF'S SEVENTH CLAIM FOR RELIEF FOR FALSE ARREST/IMPRISONMENT (PENDANT) AGAINST NASSAU COUNTY, CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4; and DAOI DOE #5

224. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

18

225. Denies the allegations contained in paragraph 225 of the Complaint.

226. Denies the allegations contained in paragraph 226 of the Complaint

227. Denies the allegations contained in paragraph 227 of the Complaint and respectfully refer all questions of law to the Court.

228. Denies the allegations contained in paragraph 228 of the Complaint.

229. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 229 of the Complaint.

230. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 230 of the Complaint.

231. Denies the allegations contained in paragraph 231 of the Complaint.

232. Denies the allegations contained in paragraph 232 of the Complaint.

233. Denies the allegations contained in paragraph 233 of the Complaint.

<u>ANSWERING PLAINTIFF'S EIGHTH CLAIM FOR RELIEF
FOR VIOLATIONS OF DAVIS' SUBSTANTIVE DUE PROCESS OF RIGHTS
AGAINST NASSAU COUNTY, CAPOBIANCO, HERMANN, CAMPBELL,
BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE
#4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4;
DAOI DOE #5, ADA DOE #1, ADA DOE #2, ADA DOE #3, ADA DOE #4 and
ADA DOE #5</u>

234. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

235. Denies the allegations contained in paragraph 235 of the Complaint.

236. Denies the allegations contained in paragraph 236 of the Complaint.

237. Denies the allegations contained in paragraph 237 of the Complaint.

238. Denies the allegations contained in paragraph 238 of the Complaint.

## ANSWERING PLAINTIFF'S NINTH CLAIM FOR RELIEF FOR NEGLIGENCE AS AGAINST NASSAU COUNTY, CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4, DAOI DOE #5, ADA DOE #1, ADA DOE #2, ADA DOE #3, ADA DOE #4 AND ADA DOE #5

239. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

240. Denies the allegations contained in paragraph 240 of the Complaint.

241. Denies the allegations contained in paragraph 241 of the Complaint.

242. Denies the allegations contained in paragraph 242 of the Complaint.

243. Denies the allegations contained in paragraph 243 of the Complaint.

244. Denies the allegations contained in paragraph 244 of the Complaint.

## ANSWERING PLAINTIFF'S TENTH CLAIM FOR RELIEF FOR NEGLIGENT HIRING AND SUPERVISION AGAINST NASSAU COUNTY, CAPOBIANCO, HERMANN, CAMPBELL, BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3, P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI DOE #3, DAOI DOE #4, DAOI DOE #5, ADA DOE #1, ADA DOE #2, ADA DOE #3, ADA DOE #4 AND ADA DOE #5

245. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

246. Denies the allegations contained in paragraph 246 of the Complaint.

247. Denies the allegations contained in paragraph 247 of the Complaint.

248. Denies the allegations contained in paragraph 248 of the Complaint.

249. Denies the allegations contained in paragraph 249 of the Complaint.

250. Denies the allegations contained in paragraph 250 of the Complaint.

251. Denies the allegations contained in paragraph 251 of the Complaint.

252. Denies the allegations contained in paragraph 252 of the Complaint.

ANSWERING PLAINTIFF'S
ELEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
AGAINST CAPOBIANCO, HERMANN, CAMPBELL,
BLANKENSHIP, GRELLA, P.O. DOE #1, P.O. DOE #2, P.O. DOE #3,
P.O. DOE #4, P.O. DOE #5, DAOI BIDELL, DAOI DOE #2, DAOI
DOE #3, DAOI DOE #4 AND DAOI DOE #5

253. Defendant repeats, reiterates and realleges each and every response contained in those paragraphs of the answer marked and numbered previously with the same force and effect as if more fully set forth at length herein.

254. Denies the allegations contained in paragraph 254 of the Complaint.

255. Denies the allegations contained in paragraph 255 of the Complaint.

256. Denies the allegations contained in paragraph 256 of the Complaint.

257. Denies the allegations contained in paragraph 257 of the Complaint.

258. Denies the allegations contained in paragraph 258 of the Complaint.

AFFIRMATIVE DEFENSES

259. Plaintiff's constitutional and statutory rights have not been violated.

260. The actions complained of were in full accord with applicable law.

261. At all applicable times herein, the County of Nassau, its agencies, departments and employees enjoyed full, partial or qualified immunity from suit.

262. Pursuant to the *Monell* doctrine, the County of Nassau cannot be held liable for the acts of its employees on the basis of respondeat superior in a 42 U.S.C. § 1983 action, and consequently the County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

263. At all the times mentioned in the Complaint, Defendants and all employees of Defendant County of Nassau alleged to have anything to do with Plaintiff, were acting in the performance of their respective duties as employees and all employees of Defendant County of Nassau alleged to have anything to do with Plaintiff acted in good faith, without malice and with reasonable and proper cause in the ordinary course of their respective duties.

264. Plaintiff has not complied with Section 50-e and/or Section 50-i and/or Section 50-h of the New York General Municipal Law or Section 52 of the County Law of the State of New York.

265. Plaintiff has failed to mitigate her damages in this matter.

266. Punitive damages may not be recovered against the County of Nassau as a matter of law.

267. If Plaintiff sustained damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the conduct of Plaintiff without any actions on the part of the Defendants contributing thereto.

268. If Plaintiff sustained damages as alleged in the complaint, such damages were sustained solely through and by virtue of the conduct of third parties not under the control of the Defendants, without any actions on the part of the Defendants contributing thereto.

269. Should Plaintiff recover damages as a result of a finding of liability in whole or in part against the Defendants, such recovery should be reduced and diminished in proportion to the degree of liability of the Plaintiff in contributing to such damages due to her own conduct.

270. Truth is an absolute defense in libel and slander actions.

271. Defendants did not injure Plaintiff's reputation.

272. Defendants did not make any false statements about Plaintiff.

273. Plaintiff has failed to state a cause of action for her pendent state law claims.

**WHEREFORE,** Defendant respectfully demands that Plaintiff's complaint be dismissed in its entirety together with such other relief that this Court deems just and proper.

Dated: Mineola, New York
May 7, 2012

                                        JOHN CIAMPOLI
                                        Nassau County Attorney

                    By:        /dcp/
                                        Diane C. Petillo
                                        Deputy County Attorney
                                        One West Street
                                        Mineola, New York 11501
                                        (516) 571-6091
                                        Attorneys for Defendant County of
                                        Nassau

TO:    Charles H. Horn, Esq. (Via ECF)
Friedman, Harfenist, Kraut & Perlstein
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
(516) 775-5800
Attorneys for Plaintiff