# FHKP | FRIEDMAN HARFENIST KRAUT & PERLSTEIN LLP

CHARLES HORN
DIRECT TEL: 516.355.9637
DIRECT FAX: 516.355.9638
CHORN@FHKPLAW.COM

January 29, 2014

Honorable Leonard Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:** *Iyanna Davis v. County of Nassau, et. al.*
**CV 11-76 (LDW) (ARL)**

Dear Judge Wexler:

This firm represents plaintiff, Iyanna Davis, in the above referenced matter. This matter stems from an incident in which the defendants entered the plaintiff's home and shot her with an assault rifle, admittedly without justification to do so. I submit this correspondence as a formal opposition to defendants' request for a continuance of the trial.

As an initial matter, the defendants, in their application, write that "it is unclear whether Plaintiff is opposing" their application which was filed at 6:46pm on January 28, 2014. I make the affirmative representation to this Court that I was on the telephone with both counsel for defendants at 6:02pm that same night discussing scheduling and trial matters and not once did counsel even intimate that they would be filing this application. A more appropriate representation would have been that they "intentionally did not ask if I would be opposing their application."

As this Court is well aware, this matter was adjourned from December 9, 2013 on defendants' application made the very day before the trial. This adjournment was granted for the defendant's to conduct a further medical examination of the plaintiff regarding the impact of her pregnancy on her diagnosed Post Traumatic Stress Disorder, a pregnancy that the defendants had know about since September 5, 2013. This Court granted the defendants' last minute application to adjourn the trial and reset the jury selection date until February 3, 2014, affording defendants ample time to conduct a medical examination of the plaintiff. Rather than avail themselves of this opportunity, the defendants allowed the entire month of December to pass without even trying to set up any examination. Instead the defendant's waited until the middle of January to conduct their examination. At no time prior to the examination by their doctor did the defendants request any further authorizations from plaintiff.

Defendants base their instant application in part on the premise that the plaintiff withheld this mental hospitalization from the defendants' examining doctor. This an interesting argument since it could not possibly be known whether the defendants' expert ever asked the plaintiff about any hospitalizations since, to date, the defendants have not provided any report from the examination which was conducted by their expert. How defendants can argue that any inquiry

January 29, 2014
Page 2

# FHKP

was ever made of the plaintiff regarding hospitalization without having been at the examination or possessing a copy of their expert's report is a mystery.  If defendants are in possession of the report, it begs the question, why has it not been turned over to the plaintiff?  If there is preclusion warranted in this case it is preclusion of the defendants' expert from offering any testimony regarding the January 13, 2014 examination.

Defendants argue that they have exercised due diligence in obtaining discovery as one of the bases for the application for a continuance of the trial.  In support of this, the defendants offered a timeline which glosses over obvious undisputable facts.  First, is it claimed by defendants that they first discovered the existence of the subject hospitalization upon receipt of the medical report of Dr. Wallack.  This report was sent to the defendants on January 17, 2014.  The defendants did nothing until Saturday, January 25, 2014, at which time they emailed an authorization to the plaintiff's office, an authorization which was immediately executed and back in the hands of the defendants on Tuesday, January 28, 2014 at 9:40 a.m.  Plaintiff respectfully submits that the defendants' claims of due diligence are simply not supported by the irrefutable correspondence by and between the parties.  Further, the defendants' accusations that the plaintiff was elusive or exercised dilatory tactics are disingenuous.

Defendants argue that, in the alternative, the plaintiff should be precluded from placing into evidence aspects of a mental condition that has been the subject of two depositions and two mental health examinations.  Such a request has no basis in the facts of this record or in the law and, as such, must be denied.

The plaintiff stands ready to proceed with this matter and respectfully requests that this Court deny the defendants' application.  Thank you for your time and consideration in this regard.

Respectfully yours,

_____/s/_____
Charles Horn

cc: Diane Petillo, Esq. (via ECF)