| | | |
|---|---|---|
| **EDWARD P. MANGANO**<br>County Executive |  | **CARNELL T. FOSKEY**<br>County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
**One West Street**
**Mineola, New York 11501-4820**
**516-571-3056**

Writer's Telephone: 516-571-6074
Writer's Facsimile: 516-571-3058
Writer's E-Mail: tlai@nassaucountyny.gov

February 7, 2014

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

     Re:    *Iyanna Davis v. County Nassau, et al.*
               11-CV-0076 (LDW)(ARL)

Dear Judge Wexler,

     The Nassau County Attorney's Office represents County Defendants in the above-referenced matter. The purpose of this letter is to make the court aware of a recent decision relevant to County Defendants' fully briefed Motion in Lime, *[DE # 62, 64, 67]*, *McColley v. County of Rensselaer*, 2014 WL 211404 (2d Cir. Jan. 21, 2014).

     As argued by County Defendants in its motion *[See DE# 62]*, County Defendants did not come into possession of clear information, after issuance but before execution of the search warrant, that the second story of the premises was a completely separate residence not involved in the drug trade. *See [DE # 52]*; *Davis v. County. of Nassau*, 2013 WL 66021 at *6 (E.D.N.Y. Jan. 3, 2013).

     In *McColley*, defendants submitted a search warrant application in connection with a drug investigation to obtain four warrants to search four residences within the city, including plaintiff's home. 2014 WL 211404 at *1 (2d Cir. Jan. 21, 2014). The application was based on information obtained from a confidential informant ("CI"). *Id*. In regards to the search warrant pertaining to plaintiff's residence, defendants left out information such as plaintiff's identity, lack of criminal history and the fact that there was a resident, plaintiff, who resided at plaintiff's residence. *Id*. at 2. Defendants also made no mention that surveillance was conducted and it

Honorable Leonard D. Wexler
February 7, 2014

yielded no evidence, suspicion or other criminal activity. *Id*. at 2. The District Court determined that two material omissions, the identity of plaintiff and the surveillance yielding no evidence or suspicion of criminal activity, from the warrant application undermined the finding of probable cause. *Id*. at 5. These omissions altered the totality of the circumstances under which the information provided by the CI should have been assessed. *Id*. at 6. Questions of fact existed with respect to the reliability of the CI's information regarding plaintiff's residence and whether reasonable officers would disagree on whether there was probable cause was equally dependent on these questions of fact. *Id*. at 6. As a result, the Second Circuit held that issues of fact underlie the weight that the issuing judge would have given the omitted information and the appeal was dismissed for lack of jurisdiction. *Id*. at 7.

Here, in contrast, the information argued by Plaintiff alleging that County Defendants came into possession of clear information after issuance but before execution of the search warrant of 31 Lafayette Avenue (the "Premises"), that the second story of the premises was a completely separate residence not involved in the drug trade would not be characterized as material omissions from the search warrant application. With the exception of District Attorney Investigator Thomas Bidell's ("Bidell") observation of the two mailboxes at the premises, any allegation regarding clear information that the second story of the premises was a completely separate residence not involved in the drug trade was obtained after the search warrant was executed and, thus, is irrelevant. As a result, the search warrant is valid and Plaintiff should not be rewarded for manufacturing an issue of fact to get to trial.

For example, Plaintiff points out that there is a second kitchen on the second floor. However, this is irrelevant because Bidell *never* saw the second kitchen on the second floor and the County Defendants did not learn of this kitchen until *after* the execution of the search warrant. *See* Deposition of Thomas Bidell at pg. 76-77: L15-9, a copy of relevant pages are annexed hereto as Exhibit A.

Moreover, the testimony of Police Officer Michael Capobianco ("Capobianco") does not contain clear information that the second story of the premises was a completely separate residence. Capobianco testified that the house was "subdivided into two living areas," had a "second story," and he referred to the house as having a "front" and "rear." *See* Deposition of Michael Capobianco at pgs. 141: L22-24, 142 :19-24,171: L24-8. However, all houses are divided into separate living areas, many houses have a second story and the terminology used to refer to the premises after the warrant had been executed is irrelevant. At no time did any of the County Defendants testify that they obtained clear information that the second story of the premises was a completely separate residence not involved in the drug trade.

Therefore, for the reasons set forth above and in County Defendants Motion in Limine, by incorporating the omitted information Bidell obtained prior to the execution of the search warrant and disregarding all of the information obtained after the search warrant was executed, that is irrelevant, it is apparent that County Defendants did not come into possession of clear information, after issuance but before execution of the search warrant, that the second story of the premises was a completely separate residence not involved in the drug trade.

Honorable Leonard D. Wexler
February 7, 2014

    Thank you for your consideration of the instant application.

                      Respectfully submitted,

                      *Thomas Lai*
                      Thomas Lai
                      Deputy County Attorney

cc:  Plaintiff (via ECF only)