UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IYANNA DAVIS

                Plaintiff,

-against-                          DOCKET NO.: 11-CV-0076

COUNTY OF NASSAU, NASSAU COUNTY
POLICE OFFICER MICHAEL CAPOBIANCO,
Serial #6971, SGT HERMANN, POLICE OFFICER    **PLAINTIFF'S**
CARL CAMPBELL, POLICE OFFICER DWIGHT     **FIRST TRIAL BRIEF**
BLANKENSHIP, POLICE OFFICER JOSEPH
GRELLA, POLICE OFFICER JOHN DOES #1-5,
NASSAU COUNTY DISTRICT ATTORNEY'S
OFFICE INVESTIGATOR THOMAS BIDELL,
NASSAU COUNTY DISTRICT ATTORNEY'S
OFFICE INVESTIGATORS JOHN DOES #2-5,
NASSAU COUNTYASSISTANT DISTRICT
ATTORNEY JOHN DOES #1-5.

                Defendants.
------------------------------------------------------------------X

## Legality of the Search Warrant

The central issue of this case which must be decided is the validity of the Search Warrant which was secured by the defendants on or about May 5, 2010, specific to the second floor apartment of Iyanna Davis. In this matter the defendant's have taken the position that their possession of a search warrant for the entire premises of 31 Lafayette Avenue in and of itself warrants a ruling from this Court that they were lawfully present in the second floor apartment where the shooting of the plaintiff took place. Plaintiff opposes this assertion as defendants possessed information sufficient to dissipate probable cause as to the second floor apartment. Specifically, the defendants acquired evidence which was material to their warrant application, *i.e.* that the property was a two family residence rather than the one family home as attested.

<u>Duty to Report New Information</u>

1

It is not in dispute that the defendant's secured a warrant for a single family residence at 31 Lafayette Avenue on or about May 5, 2010 based solely on evidence of criminal activity which occurred in the first floor apartment only. Specifically, Bidell asserts that on May 10, 2010 he observed that the front of 31 Lafayette Avenue had two mailboxes. Bidell claims that as a result of making this observation he sent a confidential informant into the premises to attempt to secure further proof of the fact that the premises was a two family. After, receiving inconclusive evidence as the whether it was a two family home, Bidell, along with two investigators from the Nassau District Attorney's Office gained entry into the premises, purportedly for the sole purpose of ascertaining whether the premises was a two family dwelling. According to his own testimony, Bidell claims that he was unable to determine whether house was a two family. (Bidell Dep. 90-91:5-5) For completeness, it is important to note that the other Bureau of Special Operations Officers unequivocally state they were aware of the existence of the second floor apartment and further that this information was relayed by Bidell to them. (Capobianco Dep. 140:22-8)

It is long held constitutional principle that the police may not proceed with a search, absent some other sufficient justification, when they know, or reasonably should know, that there is no probable cause.(*see generally, Maryland v. Garrison*, 480 U.S. 79, 84, 107 S. Ct. 1013, 1016, 94 L. Ed. 2d 72 (1987). Equally, well established is the principle that "(f)or purposes of satisfying State and Federal constitutional requirements, the searching of two or more residential apartments in the same building is no different from searching two or more separate residential houses." *People v. Rainey*, 14 N.Y.2d 35, 37, 197 N.E.2d 527, 529 (1964) Here, the evidence to be presented at trial will establish that Bidell knew 31 Lafayette Avenue was a two family house and he specifically chose not to inform the issuing Judge of this crucial information. Based on

this knowledge, Bidell was legally obligated inform the Judge of the existence of this material fact. For "(p)rior to a search there is an obligation to bring to the attention of an issuing magistrate any change of circumstance based upon additional or corrective information known to government agents, if the new information could reasonably have affected the judicial officer's decision had it been made known to him before issuance of the warrant." *United States v. Morales*, 568 F. Supp. 646, 649 (E.D.N.Y. 1983)

The Second Circuit has provided guidance as to how a trial court is to handle the issue of a government agent's duty to report new material information where the lawfulness of the search is at issue in *Walczyk v. Rio*, 496 F.3d 139, 158 (2d Cir. 2007). Specifically, the Court held:

> The materiality of these omissions presents a mixed question of law and fact. Whether omitted information is "relevant to the probable cause determination" is a question of law that we review *de novo*. *Id*. If we identify relevancy, then questions of fact may arise as to what "weight ... a neutral magistrate would likely have given such information," *id.*, and whether defendants acted "deliberately or recklessly" in omitting the information from the warrant affidavits."

Walczyk v. Rio, 496 F.3d 139, 158 (2d Cir. 2007)

According to the holding in *Walczyk*, after hearing the evidence, it is for this Court to make findings as to the materiality of the evidence which is claimed to have been withheld from the judge who issued the search warrant for 31 Lafayette Avenue. Only if this Court were to determine that a question of fact exists as to the evidence, which the Court deems material, should any issue regarding the lawfulness of the Search Warrant be presented to the Jury. Further, in the facts before this Court, read in the light most favorable to the defendants there are no remaining questions of fact. For here, Bidell the individual who secured a warrant for a single family residence admitted, after seeing the two mailboxes, and conducting a further investigation that he could not determine if it was a two family dwelling. As such he was duty bound to report this material fact to the issuing judge. "(W)hen a definite and material change

3

has occurred in the facts underlying the magistrate's determination of probable cause, it is the magistrate, not the executing officers, who must determine whether probable cause still exists. Therefore, the magistrate must be made aware of any material new or correcting information." *United States v. Marin-Buitrago*, 734 F.2d 889, 894 (2d Cir. 1984).

Accordingly, once this Court determines that the search conducted by the defendants was unlawful, as a question of law, the only remaining liability issue to be determined by the jury is the forseeability of the damages incurred by the plaintiff.

Respectfully submitted,
*Counsel for Plaintiff Iyanna Davis*

By:_____/s/_____
Charles Horn
FRIEDMAN HARFENIST KRAUT & PERLSTEIN
3000 Marcus Avenue Suite 2E1
Lake Success, NY 11042
(516)355-9600