**EDWARD P. MANGANO**
County Executive



**CARNELL T. FOSKEY**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
516-571-3056

Writer's Telephone: 516-571-6074
Writer's Facsimile: 516-571-3058
Writer's E-Mail: tlai@nassaucountyny.gov

March 11, 2014

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Ivanna Davis v. County Nassau, et al.*
             11-CV-0076 (LDW)(ARL)

Dear Judge Wexler,

      The Nassau County Attorney's Office represents County Defendants the above-referenced matter.  The purpose of this letter is to respectfully request that Plaintiff be precluded from admitting the witness statement summaries from the Detective Ferro's case file into evidence.

      The documents at issue are the <u>work products</u> of the Nassau County District Attorney's Office.  Because these documents contain the "mental impressions, conclusions, opinions [and] legal theories," of the Assistant District Attorneys who generated these documents, it falls under the category of core work product which is entitled to stringent protection.  *See Jean v. City of New York*, 2010 WL 148420, at *2 (E.D.N.Y. Jan. 12, 2010).  As set forth in the Federal Rules of Civil Procedure Rule 26(b)(3)(B), an exception to the trial preparation privilege (26(b)(3)(A)) requires the protection against disclosure "of the mental impressions, conclusions, opinions, or legal theories of a party's attorney **or other representative** concerning the litigation." (emphasis added).  Thus, even if this court were to allow this Court to allow plaintiff's counsel to introduce the subject documents, under the rules of procedure, the "impressions, conclusions, opinions or legal theories" of the Nassau County District Attorney's Office remain privileged and inadmissible.

      Defendants additionally argue that these witness summaries are uniquely subject to the

Honorable Leonard D. Wexler
March 11, 2014

deliberative process privilege.    That privilege is applicable to government agencies in pre-decisional communications reflecting the agency employee's investigation results and opinions which are submitted to a superior to assist in the ultimate decision.  *See The Shinnecock Indian Nation v. Kempthorne*, 652 F.Supp. 2d 345 (E.D.N.Y. Sept. 9, 2009); *see also Thompson v. Lynbrook Police Dep't.*, 172 F.R.D. 23 (E.D.N.Y. Apr. 4, 1997).  Though the deliberative process privilege is a "qualified" privilege, one wherein a court could hold that the information could not be obtained elsewhere, defendants herein contend that is not the situation in the case at bar.

More particularly, plaintiff should have called the ADA from the Nassau County District Attorney's Office who generated these documents.  However, for whatever reason he chose not to.  Indeed, since these documents in contention contain summaries of interviews of the individuals present at the May 13, 2010 accidental discharge of Officer Capobiano's firearm, the listed ADA's could have explain same.

By virtue of the above, witness summaries fit squarely within the definition of hearsay: "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (*Federal Rules of Evidence* 801(c)).  In fact, these statements constitute double hearsay because the Nassau County District Attorney's Office interviewed the police officers and then generated these witness summaries.  Here, plaintiff would be attempting to introduce evidence in the form of witness statement summaries that are in fact summaries of interviews, to prove that the police, **in hindsight**, allegedly obtained information that negated the warrant even though the purpose of these witness statement summaries was to investigate the discharge of Officer Capobianco's firearm.

The memorialized interpretations and summaries of interviews taken out of context, and obviously not taken down verbatim, creates an unfair prejudice to the County Defendants and non-party police officers credibility and to their testimony.  At no time were these police officers given an opportunity to review, make changes and/or sign said documents.  Allowing Plaintiff to admit these witness statement summaries into evidence would allow the traditionally confidential and privileged writings of another individual, and not even the individual himself, to impeach their testimony.

Thank you for your consideration of the instant application.

                                                              Respectfully submitted,

                                                              *Thomas Lai*
                                                              Thomas Lai
                                                              Deputy County Attorney

cc:     Charles Horn (via ECF only)